UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ERIC DANIEL ROGERS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:21-CV-00127-JRG-DCP |
| STATE OF TENNESSEE et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 2], as amended [Doc. 5].

**I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the amended motion for leave to proceed *in forma pauperis* and related documents that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 5] will be **GRANTED**. Plaintiff's initial, incomplete motion to proceed *in forma pauperis* [Doc. 2], will be **DENIED** as moot.

Because Plaintiff is an inmate at the Hawkins County Jail, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income

exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Plaintiff's Allegations

Since September 15, 2020, Plaintiff, an inmate at the Hawkins County Jail, has been told that he would be moved to a "camera cell" for his protection and safety as soon as such a cell becomes available [Doc. 1 at 3]. He claims that a camera cell has not opened up, and that he was assaulted by another inmate on March 27, 2021, due to an officer opening Plaintiff's current cell door for that inmate [*Id*.].

Plaintiff asks the Court to either move him to a State facility or release him from the Hawkins County Jail due to "'poor' treatment [and] guards playing with his 'life'" [*Id*. at 4]. Alternatively, he asks the Court to move him "to where [he] can't be gotten" [*Id*.]

### B. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§

2

1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C.    Analysis**

As a preliminary matter, the Court notes that Plaintiff does not explain how not being in a "camera cell" has caused any injury to him, or how being in such a cell would have necessarily prevented the inmate attack on him on March 27, 2021. Nonetheless, the Court notes that placement of prisoners is a matter left to the discretion of facility officials. *See, e.g., McCord v. Maggio*, 910 F.2d 1248, 1250 (1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme

3

circumstances). To that end, a prisoner has no constitutional right or protected liberty interest to be housed in any particular facility or unit within that facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Therefore, the Court finds that Plaintiff's dissatisfaction with his current cell placement fails to state a constitutional claim, and this claim will be **DISMISSED**.

Additionally, Plaintiff does not associate any named Defendant with any fact alleged in the entire complaint. Therefore, Plaintiff has not stated a claim against any of these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Accordingly, all named Defendants will be **DISMISSED**.

Moreover, even if the Court construes Plaintiff's complaint as raising a claim that an unnamed officer failed to protect Plaintiff by opening his cell door on March 27, 2021, he nonetheless fails to set forth any facts entitling him to § 1983 relief. *See, e.g., Twombly*, 550 U.S. at 555, 570. While prison officials have a duty to protect inmates from violence and take reasonable measures to protect their safety under the Eighth Amendment, liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials acted with "deliberate indifference" to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832-834 (1994). "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted).

As the Court has already noted, Plaintiff provides no information concerning the circumstances surrounding the alleged March 27, 2021 assault, he fails to identify the officer who

opened Plaintiff's cell door, and he fails to allege that the officer opened the door knowing and disregarding a threat to Plaintiff. Moreover, even if the officer were identified, Plaintiff does not allege that he suffered any injury as the result of any assault on March 27, 2021.[1]  Therefore, Plaintiff has failed to state a viable constitutional claim, and his complaint will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's amended motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**, and his initial motion for leave to proceed *in forma pauperis* [Doc. 2] is **DENIED** as moot;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

---

[1] Plaintiff has not sought monetary damages, but the Court nonetheless notes that in order "to recover compensatory and punitive damages under the PLRA, it is not enough to establish an Eighth Amendment violation. A prisoner must also establish a "physical injury," meaning an injury that is more than *de minimis*." *Pierre v. Padgett*, No. 18-12276, 2020 WL 1650656, at *4 (11th Cir. Apr. 3, 2020); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward."); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Here, Plaintiff alleges no injury, much less one that is more than *de minimis*.

ENTER:

                                                    s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE